UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOHNNY MARTINEZ,

                          Plaintiff,

          -against-

COMMISSIONER DORA B. SCHRIRO, WARDEN
KATIE MULVEY, M.D.C., BRUNO, Maintenance
Worker M.D.C., BROWN, Grievance Supervisor M.D.C.,
CITY OF NEW YORK,

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/9/17_
```

14 Civ. 3965 (KMW) (RLE)

**MEMORANDUM OPINION
AND ORDER**

KIMBA M. WOOD, District Judge:

Plaintiff *pro se*, Johnny Martinez, an inmate previously in the custody of the New York

City Department of Corrections ("DOC"), brings this action pursuant to 42 U.S.C. § 1983 against

the City of New York; Dora B. Schriro, former New York City Commissioner of Correction;

Katie Mulvey, Warden of the Manhattan Detention Center ("M.D.C."); Bruno, a maintenance

worker employed by M.D.C.; and Sean Brown, a grievance supervisor at the M.D.C.

(collectively, "Defendants"). ECF No. 20 at 1-2 ("Am. Compl."). Plaintiff alleges that, while in

custody at the M.D.C., he slipped and fell on a puddle of water caused by a leaking air

conditioning duct pipe and suffered extensive injuries to his head and back. *Id.* at 2-3.

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). ECF No. 21. After Defendants' motion was fully submitted, Plaintiff

moved to file a second amended complaint, ECF No. 47, and sought an order, pursuant to

*Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), for assistance in identifying a "John Doe"

defendant identified in Plaintiff's proposed second amended complaint, ECF No. 49. For the

reasons stated below, Defendants' motion is GRANTED and Plaintiff's motions are DENIED.

1

## I. BACKGROUND[1]

On September 5, 2011, Plaintiff was walking to the showers of the M.D.C. housing unit when he slipped and fell "with [g]reat [f]orce." Am. Compl. at 3. Plaintiff sustained injuries to his head, which "split open" with a three-inch cut, and his lower back. *Id.* Plaintiff received emergency medical treatment at Bellevue Hospital, and underwent physical therapy at the West Facility on Rikers Island for nearly half a year. *Id.* Plaintiff's slip was caused by a puddle of water from a leaking air duct pipe connected to the M.D.C.'s air conditioning ventilation system. *Id.* at 4. The air duct piping had been leaking for some time, and corrections officers had made several complaints about the leaking pipe and submitted work orders to replace it prior to Plaintiff's injury. *Id.* Although Defendants were aware of the problem prior to Plaintiff's injury, they took no steps to fix the leak. *Id.* at 5.

On September 9, 2011, Plaintiff filed a grievance about the DOC's failure to fix the leaking pipe. *Id.* at 7-8 & Ex. A. Plaintiff never received a response to his grievance or an acknowledgement that it was received, despite multiple requests to Defendant Brown, the grievance supervisor. *Id.* at 9. To Plaintiff's knowledge, Defendant Brown did not conduct an investigation into Plaintiff's grievance. *Id.* Plaintiff wrote to Defendant Brown to inquire about the status of his grievance on October 10, 2011, *id.* Ex. B, and sent a notice of intention to file a claim to the Corporation Counsel of the City of New York on November 4, 2011, *id.* Ex. C. The City acknowledged receipt of Plaintiff's claim on November 15, 2011, and stated it would investigate. *Id.* Ex. D. On April 15, 2013, Plaintiff wrote to the City to ask for an update about the status of his claim and the investigation. *Id.* Ex. E.

---

[1] The following facts are taken from the Amended Complaint and are assumed to be true for purposes of Defendants' motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Shipping Fin. Servs. Corp. v Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("When considering a motion to dismiss . . . for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint.").

Plaintiff filed this action on May 21, 2014, ECF No. 2, and the Amended Complaint on November 19, 2014, ECF No. 20. Defendants filed their motion to dismiss on December 4, 2014. ECF No. 21. After some delay, Plaintiff filed his opposition to Defendants' motion on October 21, 2015. Pl. Opp., ECF No. 43. Plaintiff filed his motion seeking leave to file a second amended complaint and his *Valentin* motion on August 1, 2016. ECF Nos. 47, 49. The case was transferred to the undersigned on November 22, 2016.

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

In construing complaints by plaintiffs proceeding *pro se*, the Court applies a "more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in New York*, 232 F.3d 135, 140 (2d Cir. 2000); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court, therefore, is obligated to construe *pro se* pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.

2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

### III. DISCUSSION

Defendants cite a number of grounds on which Plaintiff's amended complaint should be dismissed: (1) failure to exhaust administrative remedies; (2) failure to state a cognizable constitutional claim for deliberate indifference; (3) failure to state a claim for municipal liability; (4) failure to allege personal involvement of the individually named defendants; and (5) statute of limitations for state tort claims. Def. Mem. at 5-20, ECF No. 22. As discussed below, the Court cannot conclude that none of the exceptions to the exhaustion requirement apply, and cannot dismiss the Amended Complaint on that basis. However, the Court finds that Plaintiff has failed to allege a § 1983 claim and that any state-law negligence claims are barred by the statute of limitations, and accordingly grants Defendants' motion.

A. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.* Def. Mem. at 5-10. The DOC dictates procedures for filing a grievance that include a multi-step process, which is set forth in the DOC's Inmate Grievance Resolution Program ("IGRP").[2] An inmate must exhaust all steps before he may pursue litigation in federal court, including filing an administrative appeal, even when he does not receive a response to his initial grievance. *Tyler v. Argo*, No. 14 Civ. 2049, 2014 WL 5374248, at *4 (S.D.N.Y. Oct. 10, 2014). Plaintiff admits that he failed to exhaust administrative remedies. Pl. Opp. at 22.

---

[2] The Court takes judicial notice of the IGRP, as courts regularly do in this district. *See, e.g., Myers v. City of New York*, No. 11 Civ. 8525, 2012 WL 3776707, at *4 n.6 (S.D.N.Y. Aug. 29, 2012). The IGRP directive that governed administrative exhaustion in this case is available on the DOC's website. *See* DOC, Directive 3375R-A (effective March 13, 2008), http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf.

However, certain caveats apply: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as [sic] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). Because nonexhaustion is an affirmative defense, "a plaintiff is not required to plead or demonstrate exhaustion in a complaint." *Seymore v. City of New York*, No. 12 Civ. 6870, 2014 WL 1259563, at *3 (S.D.N.Y. Mar. 26, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2007)). "It follows that a claim should be dismissed for failure to exhaust only if 'nonexhaustion is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane.'" *Henning v. N.Y.C. Dep't of Correction*, No. 14 Civ. 9798, 2016 WL 297725, at *2 (S.D.N.Y. Jan. 22, 2016) (quoting *Lovick v. Schriro*, No. 12 Civ. 7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014)).

In his opposition to Defendants' motion to dismiss, Plaintiff states that he does not have access to the IGRP directive or an Internet connection with which to view it, Pl. Opp. at 23, and that prison officials "intentionally, deliberately and maliciously prevented [him] from exhausting his administrative remedies," *id.* at 27. Although these allegations appear in Plaintiff's opposition papers, rather than on the face of the complaint, the Court, construing *pro se* pleadings liberally, "may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims." *Henning*, 2016 WL 297725, at *3 (quoting *Rosado v. Herard*, No. 12 Civ. 8943, 2013 WL 6170631, at *2 (S.D.N.Y. Nov. 25, 2013)). Taking these allegations as true, the Court cannot conclude that "nonexhaustion is clear from the face of the complaint, and none of

5

the exceptions outlined by the Second Circuit are germane." *Id.* (quoting *Lovick*, 2014 WL 3778184, at \*4).

### B. Section 1983 Claims

In order to state a claim under § 1983, a plaintiff must show a deprivation of a right, privilege, or immunity under the Constitution or federal statute, and that the deprivation occurred under the color of state law. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988); *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not itself create any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes*, 13 F.3d at 519 (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)). Here, Plaintiff alleges violations of the First Amendment, related to Defendants' handling of Plaintiff's grievance, and the Eighth Amendment, related to the leak that led to Plaintiff's slip and fall. *See* Am. Compl. at 6, 9. The Court holds that neither allegation amounts to a deprivation of a constitutional right.

#### 1. First Amendment

Plaintiff alleges that his rights were violated when Defendant Brown failed to follow proper procedures regarding Plaintiff's grievance by "repeatedly disregard[ing] plaintiff's First Amendment Right to seek Redress of Grievance and to petition the Court for redress of grievance," which prevented Plaintiff from properly exhausting his administrative remedies. Am. Compl. at 9. The First Amendment protects the right to meaningful access to the courts as part of the right to petition the government for redress of grievances. *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). However, "inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Njasang Nji v. Heath*, No. 13

6

Civ. 200, 2013 WL 6250298, at *6 (S.D.N.Y. Dec. 2, 2013) (quoting *Shell v. Brzezniak,* 365 F.

Supp. 2d 362, 370 (W.D.N.Y. 2005)); *see also, e.g., Mimms v. Carr,* No. 09 Civ. 5740, 2011 WL

2360059, at *10 (E.D.N.Y. June 9, 2011) ("The First Amendment is not implicated, however,

where prison officials deny an inmate access to grievance procedures."), *aff'd,* 548 F. App'x 29

(2d Cir. 2013); *Torres v. Mazzuca,* 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("Prison grievance

procedures do not confer any substantive right upon an inmate . . . ."). Accordingly, "[c]ourts

regularly dismiss claims brought to remedy alleged violations of inmate grievance procedures."

*Alsaifullah v. Furco,* No. 12 Civ. 2907, 2013 WL 3972514, at *13 (S.D.N.Y. Aug. 2, 2013)

(alteration in original) (quoting *Edwards v. Horn,* 10 Civ. 6194, 2012 WL 473481, at *11

(S.D.N.Y. Feb. 14, 2012), *report and recommendation adopted,* 2012 WL 760172 (S.D.N.Y.

Mar. 8, 2012)). The Court holds that Plaintiff's claim that Defendant Brown mishandled

Plaintiff's grievance cannot, as a matter of law, support a § 1983 claim. Therefore, Plaintiff's

First Amendment claims are dismissed with prejudice.

    2.  Eighth Amendment

    Plaintiff's Eighth Amendment claims are for "Deliberate Indifference; Negligence;[]

Failure to Act; [and] Cruel & [Unusual] Punishment" related to the alleged hazardous condition

of confinement caused by the leaking air duct pipe.[3] Am. Compl. at 6. "The conditions of a

prisoner's confinement can give rise to an Eighth Amendment violation." *Phelps v. Kapnolas,*

308 F.3d 180, 185 (2d Cir. 2002) (citing *Farmer v. Brennan,* 511 U.S. 825, 828 (1994)). "In

such cases, a prisoner may prevail only where he proves both an objective element—that the

---

[3] The Court assumes that Plaintiff is protected by the Eighth Amendment's prohibition of cruel and unusual punishment, which protects sentenced prisoners, rather than the Fourteenth Amendment's due process protection, which protects pre-trial detainees. The distinction, however, is immaterial here, because the two Constitutional provisions afford the same protection from deliberate indifference. *See, e.g., Caiozzo v. Koreman,* 581 F.3d 63, 69 (2d Cir. 2009) ("Claims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.*, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834); *see also, e.g.*, *Garcia v. Fischer*, No. 13 Civ. 8196, 2016 WL 297729, at *4 (S.D.N.Y. Jan. 22, 2016).

To satisfy the "objective" element, "a plaintiff must show that 'the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [an inmate's] health,' which can be satisfied if an inmate is deprived of 'basic human needs such as food, clothing, medical care, and safe and sanitary living conditions.'" *Aikens v. Royce*, No. 14 Civ. 663, 2016 WL 5720792, at *6 n.10 (S.D.N.Y. Sept. 30, 2016) (alteration in original) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps*, 308 F.3d at 185. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) ("Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim." (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))).

Under the "subjective" element, "a defendant 'cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Aikens*, 2016 WL 5720792, at *6 n.10 (quoting *Phelps*, 308

8

F.3d at 185). "A prison official may be found to have had a sufficiently culpable state of mind if

he participated directly in the alleged event, or learned of the inmate's complaint and failed to

remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence

in managing subordinates." *Id.* (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)).

Allegations of negligence by prison officials will not support a claim under the Eighth

Amendment. *Edwards v. City of New York*, No. 08 Civ. 05787, 2009 WL 2596595, at *2

(S.D.N.Y. Aug. 24, 2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998);

*Farmer*, 511 U.S. at 836; *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

Plaintiff's Amended Complaint fails to satisfy the objective element. As courts in this

circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not

constitute an Eighth Amendment violation. *See, e.g., Martin v. City of New York*, No. 11 Civ.

600, 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) (dismissing complaint that alleged that

plaintiff slipped and fell on a wet floor while wearing ill-fitting shoes); *Hawkins v. Nassau Cnty.

Corr. Facility*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("[T]he alleged water in the shower

area does not deprive plaintiff of a basic human need and, thus, cannot as a matter of law give

rise to a constitutional violation that can be brought under Section 1983."); *Flowers v. City of

New York*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the City for the slip

and fall that resulted in plaintiff's ankle injury—a garden variety tort—is not cognizable under

Section 1983 . . . ."); *Edwards*, 2009 WL 2596595, at *2-3 (granting motion to dismiss where

plaintiff slipped and fell on wet hallway floor, and collecting cases); *see also, e.g., Reynolds v.

Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that plaintiff's slip and fall in prison

shower was not a sufficiently serious condition to state a § 1983 claim); *LeMaire v. Maass*, 12

F.3d 1444, 1457 (9th Cir. 1993) ("Even if the floors of the shower are slippery . . ., 'slippery

prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'"

(quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989))).  Because Plaintiff's complaint

fails to allege a "sufficiently serious" deprivation, *Wilson*, 501 U.S. at 298, Plaintiff's Eighth

Amendment claims are dismissed with prejudice.

    C. State Law Claims

Although the Amended Complaint does not state so explicitly, the Court reads it to also

state a tort claim against Defendants.  *See* Am. Compl. at 6 (including "Negligence" as one of

Plaintiff's causes of action); Def. Mem. at 19 (addressing Plaintiff's state law claims); *cf. Hill*,

657 F.3d at 122.  However, the tort claims must be dismissed as untimely.  Plaintiff's injury

occurred on September 5, 2011.  Am. Compl. at 3.  An action for personal injury against the City

of New York or its employees must be commenced within one year and ninety days after the

claim arose.  N.Y. Gen. Mun. Law § 50-i(1)(c).  Indeed, Plaintiff was notified about the statute

of limitations in a letter from the City acknowledging his notice of intention to file a claim.  *See*

Am. Compl. Ex. D.  Plaintiff's Complaint was filed May 21, 2014, ECF No. 2, over two years

after the incident, and is thus time-barred.  *See, e.g.*, *Betts v. Rodriquez*, No. 15 Civ. 3836, 2016

WL 7192088, at *6 (S.D.N.Y. Dec. 12, 2016).

    D. Plaintiff's Motion to Amend and Request for a *Valentin* Order

Although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a

pleading should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), such a

motion may be denied if the moving party has unduly delayed or acted in bad faith, the opposing

party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile, *see*

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  As discussed above, it is clear from the Amended

Complaint that Plaintiff is unable to state a claim under § 1983 or state law for his slip and fall,

and the proposed second amended complaint, ECF No. 47, is unable to cure the deficiencies.

Because "[t]he problem with [Plaintiff's] causes of action is substantive[,] better pleading will

not cure it.  Repleading would thus be futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000).  Accordingly, Plaintiff's motion to file a second amended complaint is denied, and his

request for a *Valentin* order is denied as moot.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED, Plaintiff's

motion for leave to file a second amended complaint is DENIED, and Plaintiff's motion for a

*Valentin* order is DENIED as moot.  The Clerk of Court is directed to terminate the motions at

ECF Nos. 21, 47, and 49, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated:  January 9, 2017
      New York, New York

KIMBA W. WOOD
United States District Judge